**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KY LAY LUONG,

        Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 08-74503

Agency No. A022-102-119

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 1, 2010
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

    Ky Lay Luong petitions for review of his removal order and the Board of

Immigration Appeals' (BIA) denial of his applications for relief from removal. We

have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.

    The parties are familiar with the facts of the case so we do not repeat them

here. Luong cannot be removed on the basis of his 1986 conviction, the sole basis

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

alleged in his amended Notice to Appear. *Ledezma-Galicia v. Holder*, 599 F.3d 1055, 1075 (9th Cir. 2010) (holding that "8 U.S.C. § 1227(a)(2)(A)(iii) does not apply to convictions . . . that occurred prior to November 18, 1988."). In addition, § 1252(d) does not foreclose his claim. *Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005) (per curiam) ("Retroactivity challenges to immigration laws implicate legitimate due process considerations that need not be exhausted in administrative proceedings because the BIA cannot give relief on such claims.").

Because Luong is not removable as charged, we do not consider Luong's claim regarding his applications for relief. We leave to the government whether to institute new removal proceedings based on Luong's other convictions.

**PETITION FOR REVIEW GRANTED.**